AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| United States of America | ) | |
| v. | ) | Case: 1:21-mj-00297 |
| | ) | Assigned To : Harvey, G. Michael |
| Thomas F. Sibick | ) | Assign. Date : 03/10/2021 |
| | ) | Description: Complaint w/ Arrest Warrant |
| | ) | |
| | ) | |
| *Defendant* | | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*                                    Thomas F. Sibick                                    ,
who is accused of an offense or violation based on the following document filed with the court:

❏ Indictment          ❏ Superseding Indictment          ❏ Information          ❏ Superseding Information          ☒ Complaint
❏ Probation Violation Petition          ❏ Supervised Release Violation Petition          ❏ Violation Notice          ❏ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 1752(a)(1) - Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority;
40 U.S.C. § 5104(e)(2) - Violent Entry and Disorderly Conduct on Capitol Grounds;
18 U.S.C. § 231(a)(3) - Obstruction of Law Enforcement During Civil Disorder;
18 U.S.C. § 111(a)(1) - Assaulting, Resisting, or Impeding Certain Officers;
18 U.S.C. § 2111 - Taking from a Person Anything of Value by Force and Violence or by Intimidation Within Special Maritime
and Territorial Jurisdiction.

Digitally signed by G.
Michael Harvey
Date: 2021.03.10 18:49:30
-05'00'

Date:        03/10/2021

*Issuing officer's signature*

City and state:              Washington, D.C.                    G. Michael Harvey, U.S. Magistrate Judge
*Printed name and title*

---

| Return |
|---|
| This warrant was received on *(date)*  3/10/21 , and the person was arrested on *(date)*  3/10/21 at *(city and state)*  Buffalo , NY . |
| Date:   3/10/21 |
| *Arresting officer's signature* |
| Edmund J. Susman Jr. |
| *Printed name and title* |

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT

### for the

### District of Columbia

| | |
|---|---|
| United States of America<br>v.<br><br>Thomas F. Sibick<br>DOB: XXXXXX<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case: 1:21-mj-00297
Assigned To : Harvey, G. Michael
Assign. Date : 03/10/2021
Description: Complaint w/ Arrest Warrant

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____January 6, 2021_____ in the county of _____ in the _____ in the District of ___Columbia___ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 1752(a)(1) - Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority,<br>40 U.S.C. § 5104(e)(2) - Violent Entry and Disorderly Conduct on Capitol Grounds,<br>18 U.S.C. § 231(a)(3) - Obstruction of Law Enforcement During Civil Disorder,<br>18 U.S.C. § 111(a)(1) - Assaulting, Resisting, or Impeding Certain Officers,<br>18 U.S.C. § 2111 - Taking from a Person Anything of Value by Force and Violence or by Intimidation Within Special Maritime and Territorial Jurisdiction. | |

This criminal complaint is based on these facts:

See attached statement of facts.

☒ Continued on the attached sheet.

_____
*Complainant's signature*

William Matos-Ginorio, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: _____03/10/2021_____

_____
*Judge's signature*

Digitally signed by
G. Michael Harvey

City and state: _____Washington, D.C._____

G. Michael Harvey, U.S. Magistrate Judge
*Printed name and title*

## STATEMENT OF FACTS

Your affiant, William Matos-Ginorio, is a Special Agent with the Department of Homeland Security ("DHS"), Federal Protective Service ("FPS") assigned to the Federal Bureau of Investigation ("FBI"), DC Violent Crimes Task Force ("DCVCTF") as a Task Force Officer ("TFO").  In my duties as a special agent, I am responsible for investigating violent crimes to include but not limited to kidnappings, bank robberies, assaults, armed carjackings, and threats to government officials. Currently, I am tasked with investigating criminal activity in and around the Capitol grounds on January 6, 2021. As a Special Agent, I am authorized by law or by a Government agency to engage in or supervise the prevention, detention, investigation, or prosecution of a violation of Federal criminal laws.

The U.S. Capitol is secured 24 hours a day by U.S. Capitol Police. Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only authorized people with appropriate identification were allowed access inside the U.S. Capitol. On January 6, 2021, the exterior plaza of the U.S. Capitol was also closed to members of the public.

On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection.  Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

As the proceedings continued in both the House and the Senate, and with Vice President Mike Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

At such time, the certification proceedings were still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, shortly after 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

Shortly thereafter, at approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

During national news coverage of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of violations of local and federal law, including scores of individuals inside the U.S. Capitol building without authority to be there.

On January 6, 2021, Metropolitan Police Department ("MPD") Officer M.F. responded to a radio call for assistance at the U.S. Capitol. Officer M.F. was in full MPD uniform and equipped with a body-worn camera. Officer M.F. responded to the west front of the U.S. Capitol and became involved with other officers in the effort to push back rioters from the doorway to the U.S. Capitol at the lower west terrace. While Officer M.F. was defending the doorway, a rioter pulled Officer M.F. into the crowd, where members of the crowd beat, tased, and robbed Officer M.F. of his MPD badge (#3603), police radio, and MPD-issued 17-round magazine, while also trying to forcibly remove his service weapon from its fixed holster. The radio was securely attached to Officer M.F.'s tactical vest, and the badge was pinned to the vest. As a rioter attempted to get Officer M.F.'s gun, Officer M.F. heard him yell words to the effect that he was going to take Officer M.F.'s gun and kill him. Following the assault, Officer M.F. lost consciousness and was hospitalized for his injuries, including a likely concussion and injuries from the taser. Officer M.F. was admitted to the hospital for monitoring of his cardiac activity.

Officer M.F.'s tactical vest contained a hole where the badge had been forcibly ripped out. Figures 1 through 3 below depict the condition of Officer M.F.'s tactical vest after the assault. Figure 2 shows the compartment where Officer M.F.'s police radio was securely attached to his vest when it was ripped off. Figure 3 depicts the hole caused by the badge being forcibly ripped off. Figure 4 depicts the back of a new badge that was issued to F███ since his badge was stolen. The vertical pin used to attach the badge, which was designed the same way in F███'s stolen badge, matches the tear in the officer's tactical vest.

2



Figure 1



Figure 2

3



Figure 3



Figure 4

Officer M.F.'s body-worn camera depicts the attack, including footage of an individual reaching toward Officer M.F. and pulling out objects consistent with an MPD badge and police radio. Figures 5 through 8 are screenshots from Officer M.F.'s body-worn camera depicting the robbery.



Figure 5



Figure 6



Figure 7



Figure 8

On January 21, 2021, FBI agents in Buffalo, NY, interviewed WITNESS 1 regarding potential information related to the events at the U.S. Capitol on January 6, 2021. WITNESS 1 reported that Thomas Sibick ("SIBICK") posted a video of the riot to his Instagram account. WITNESS 1 provided the video, which shows footage of SIBICK using his cell phone to record himself on the inauguration ceremony stage of the lower west terrace where he screams, "Just got tear-gassed, but we're going, baby, we're going! We're pushing forward now!" Figures 9 and 10 are still images from the video.



Figure 9



Figure 10

7

On January 27, 2021, agents interviewed WITNESS 2, who is familiar with SIBICK. WITNESS 2 provided a photograph that WITNESS 2 reported receiving from another individual who saw the photo on SIBICK's Facebook account. The photograph depicts SIBICK with a U.S. Capitol Police Shield. SIBICK is wearing a black and gray hat, black sweater with a gray "The North Face" vest, and blue jeans. Figure 11 shows the photo.



Figure 11

Review of surveillance footage from January 6, 2021, showed that around 3:08 p.m., an individual who appears to be SIBICK moved to the mouth of the tunnel on the lower west terrace that led inside the Capitol building. At that time, a group of U.S. Capitol Police ("USCP") and MPD officers had formed a police line at that entrance to the Capitol to prevent the mob from entering the building through that entrance. Figure 12 shows SIBICK at the mouth of the tunnel with other individuals in the mob; he is facing the direction of the police line, which was located immediately in front of the doors to the Capitol building at that time. SIBICK then entered inside the tunnel, as shown in Figure 13. He moved forward to the police line until he was no longer visible on camera. Around 3:11 p.m., SIBICK turned around and moved outside the tunnel, as shown in Figure 14.



Figure 12



Figure 13



Figure 14

An open source video posted on YouTube shows SIBICK exiting the tunnel, as shown in Figures 15.[1] SIBICK can be heard saying, "Let me out. Let me out." An individual in front of him assists SIBICK in getting out such that SIBICK is no longer visible on camera. At that point, a voice that likely belongs to the man who helped SIBICK tells SIBICK "Thank you for your service," and then asks where he is from. A voice that seems to be SIBICK's can be heard saying, "Buffalo," and then states, "Let's go. Let me just get refreshed."



Figure 15

---

[1] The video can be found at *https://www.youtube.com/watch?v=0zyjCvDN4Ig&feature=youtu.be*. SIBICK is visible coming out of the tunnel from minute marker 1:14:32 to 1:14:42.

10

Agents conducted an initial interview of SIBICK on January 27, 2021. SIBICK acknowledge being in Washington, D.C. at the U.S. Capitol on January 6, 2021. SIBICK stated that while he was at the Capitol, he saw a D.C. Metro Police Officer being pulled down the steps and hit with what SIBICK described as a "flagpole." SIBICK also reported seeing at least two other individuals beating the D.C. Metro Police Officer and attempting to get his gun, but were unable to do so because of the "plastic piece on top of the holster." SIBICK heard someone say, "Get his gun and kill him." SIBICK stated that he attempted to reach the officer to pull him away but was unable to get to him and at that point he feared for his life and that of the officer. SIBICK further stated that due to the violence, he decided to leave. When shown the photograph of SIBICK holding the riot shield, SIBICK said that the shield had been passed through the crowd and SIBICK asked a man next to him to take his picture with it. SIBICK further explained that a man in a tactical vest asked SIBICK if he was going to "use" the shield, to which SIBICK replied, "No."

On February 2, 2021, SIBICK contacted one of the agents who had previously interviewed him and stated that he had been thinking about the individuals that assaulted the police officer and that he was going to email the agent with more information. When asked if he had anything different to add to his previous interview, SIBICK replied, "No." When asked if the details he described in his prior interview were accurate and honest, SIBICK replied, "Yes." The agent asked SIBICK if he had participated or was involved in any way in the assault of the D.C. police officer, and SIBICK replied, "No" and reiterated that he had tried to pull the officer away but was unsuccessful.

On February 23, 2021, the agents re-interviewed SIBICK after law enforcement observed an individual consistent with SIBICK's appearance on Officer M.F.'s body-worn camera. The agents showed SIBICK still shots from Officer M.F.'s body-worn camera. SIBICK admitted to grabbing the officer's badge and radio. SIBICK stated that he had reached in to try to help the officer, and that he remembered the badge coming off as he reached for him. SIBICK said that he pressed the "emergency orange button" once he had possession of the radio to get help for the officer.[2] SIBICK also stated that he dropped the badge and radio and left. When asked if he saw anyone pick up the radio and badge, SIBICK said that he carried the radio and badge with him when he left and dropped them in a trash can on Constitution Avenue. SIBICK stated that he thought about giving the items to an officer but was afraid of being arrested. Later in the interview, SIBICK stated that he needed to "recant" his statement and that he actually brought the items to his hotel room and then back to his home in Buffalo, NY. SIBICK stated that the day after he returned to Buffalo, he was planning to turn the items in to the FBI. However, he was afraid of being arrested and instead threw them in a dumpster on North Street in Buffalo. SIBICK later clarified that it was a dumpster located on the back alleyway of the Lenox Hotel at 140 North Street.

On February 25, 2021, an agent sent SIBICK a ruse email stating that the security cameras at the Lenox Hotel were going to be checked to confirm SIBICK's statement that he disposed of the badge and radio in the dumpster. On February 26, 2021, SIBICK called the agent stating that

___

[2] Agents attempted to check records to verify whether the emergency button on Officer M.F.'s radio had been activated around the time of the robbery. However, when Officer M.F.'s radio was reported stolen, it was deactivated, which erased records of the radio's use, including any records of the emergency button being activated.

he was distraught and "wanted to do the right thing." SIBICK stated that he did not dispose of the badge in the dumpster behind the Lenox Hotel. Rather, he had buried the badge in his backyard. SIBICK stated that he purchased a metal detector to find the badge, which he then dug up, and that he wanted to return it. SIBICK stated that he had actually thrown away the radio, however.[3] Later that night, SIBICK met the agent and gave him a bag containing mud and Officer M.F.'s badge (#3603). A photo of the badge is depicted in Figure 16.



Figure 16

Based on the foregoing, your affiant submits that there is probable cause to believe that THOMAS SIBICK violated 18 U.S.C. § 1752(a)(1) and (2) and (4), which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do; and (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions; (4) knowingly engages in any act of physical violence against any person or property in any restricted building or grounds; or attempts or conspires to do so.  For purposes of Section 1752 of Title 18, a "restricted building" includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service, including the Vice President, is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

---

[3] Agents were unable to find any security cameras to confirm or refute SIBICK's claim.

Your affiant submits there is also probable cause to believe that THOMAS SIBICK violated 40 U.S.C. §§ 5104(e)(2)(D) and (F), which makes it a crime to willfully and knowingly (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; (F) engage in an act of physical violence in the Grounds or any of the Capitol Buildings.

Your affiant submits there is probable cause to believe that THOMAS SIBICK violated 18 U.S.C. 231(a)(3), which makes it unlawful to commit or attempt to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function. For purposes of Section 231 of Title 18, a federally protected function means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof. This includes the Joint Session of Congress where the Senate and House count Electoral College votes.

Your affiant further submits there is probable cause to believe that THOMAS SIBICK violated 18 U.S.C. § 111(a)(1), which makes it a crime to forcibly assault, resist, oppose, impede, intimidate, or interfere with any person designated in section 1114 of Title 18 while engaged in or on account of the performance of official duties, while using a deadly or dangerous weapon. Persons designated within section 1114 of Title 18 include any person assisting an officer or employee of the United States in the performance of their official duties and where the acts in violation of this section involve physical contact with the victim and the intent to commit another felony.

Finally, your affiant submits there is probable cause to believe that THOMAS SIBICK violated 18 U.S.C. § 2111, which makes it a crime for a person to, within the special maritime and territorial jurisdiction of the United States, by force and violence, or by intimidation, take or attempt to take from the person or presence of another anything of value.

_____
TFO William Matos-Ginorio
Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 10th day of March 2021.

Digitally signed by G. Michael Harvey
Date: 2021.03.10 18:53:31 -05'00'

_____
G.  MICHAEL HARVEY
U.S. MAGISTRATE JUDGE

13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.                                                          21 ___ - MJ_ 21 _____

THOMAS F. SIBICK
_____ ,
                    Defendant.
_____

**ORDER REGARDING USE OF VIDEO OR TELECONFERENCING**

In accordance with the General Order issued on March 30, 2020, this Court finds:

☑ That the Defendant (or the Juvenile) has consented to the use of video teleconferencing/teleconferencing to conduct the proceeding(s) held today, after consultation with counsel; and

The proceeding(s) held on this date may be conducted by:

☑ Video Teleconferencing

☐ Teleconferencing, because video teleconferencing is not reasonably available for the following reason:

☐ The Defendant (or the Juvenile) is detained at a facility lacking video teleconferencing capability.

☐ Other:

IT IS SO ORDERED.

Date: March 12, 2021

_H. Kenneth Schroeder, Jr._____
H. KENNETH SCHROEDER, JR.
United States Magistrate Judge

AO 466A (Rev. 12/17)  Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
### for the
Western District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.   21-MJ-21 |
| THOMAS F. SIBICK, | ) | |
| | ) | Charging District's Case No.   21-MJ-00297 |
| *Defendant* | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)*      District of Columbia

I have been informed of the charges and of my rights to:

(1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)    an identity hearing to determine whether I am the person named in the charges;

(3)    production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)    a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)    a hearing on any motion by the government for detention;

(6)    request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☐    an identity hearing and production of the warrant.

☐    a preliminary hearing.

☐    a detention hearing.

☑    an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district.  I request that my ☑ preliminary hearing and/or ☑ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:   3/12/21

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Alex Anzalone
*Printed name of defendant's attorney*

19

AO 199A Order Setting Conditions of Release (Rev. 05/12)                                    Page 1 of 3    Pages

Judge: HKS
AUSA: C. Levy
USAO: AMM

# UNITED STATES DISTRICT COURT
## for the
### Western District of New York

United States of America )
v. )                                    **ORDER SETTING CONDITIONS**
)                                    **OF RELEASE**
Thomas F. Sibick )
_Defendant_ )                    Case Number: ___1.21-cr621M-001___

IT IS ORDERED that the release of the defendant is subject to these conditions:

   (1)   The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

   (2)   The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

   (3)   The defendant shall immediately advise the court, defense counsel, U.S. Attorney and the U.S. Probation and Pretrial Services office in writing before any change in address and telephone number.

   (4)   The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall appear at (if blank, to be notified)

___U.S. District Court___    on _____ and as directed thereafter.
_Place_                              _Date and Time_

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

(X)  (5)   The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

( )  (6)   The defendant executes an unsecured bond binding the defendant to pay the United States the sum of
_____ dollars ($_____) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

### Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( )  (7)   The defendant is placed in the custody of:
        (Name of person or organization): ___Dr Eugen Michel Sibick___

(City and state): ___Williamsville, New York___       (Tel. No.) ___(716)-472-4246___
who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or is no longer in the custodian's custody.

               Signed: _____         ___12 Mar 21___
                                   _Custodian or Proxy_                 _Date_

_DISTRIBUTION:_     COURT      DEFENDANT     PRETRIAL SERVICES     U.S. ATTORNEY     U.S. MARSHAL

AO 199B(1) Additional Conditions of Release (Rev. 03/15)                                                      Page 2 of 3 Pages

## Additional Conditions of Release (continued)

(8)  The defendant shall:

(  ) (a)  Report to the Pretrial Services within 24 hours of release, telephone number  (716) 551-4241  , and as directed thereafter.

(  ) (b)  Execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:

(  ) (c)  Post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described:

(  ) (d)  Execute a bail bond with solvent securities in the amount of $_____

(  ) (e)  Maintain or actively seek employment.

(  ) (f)  Maintain or commence an educational program.

(  ) (g)  Surrender any passport/passport card to: **the Clerk of the Court**[1]. Surrender other international travel documents to appropriate authorities (i.e. Enhanced Driver's License or NEXUS card).

(  ) (h)  Not obtain a passport or other international travel document (i.e. Enhanced Driver's License or NEXUS card).

(  ) (i)  Restrict travel to: _____, unless court permission is granted to travel elsewhere.

(  ) (j)  Remain at a verifiable address as approved by Pretrial Services.

(  ) (k)  Avoid all contact with codefendants and defendants in related cases unless approved by Pretrial Services.

(  ) (l)  Avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to:

(  ) (m)  Submit to a mental health evaluation and/or treatment as approved by Pretrial Services. The defendant shall contribute to the cost of services rendered in an amount to be determined by the probation officer based on ability to pay or availability of third party payments.

(  ) (n)  Return to custody each (week)day as of _____ after being released each (week)day as of _____ for employment, schooling, or the following limited purpose(s): _____

(  ) (o)  Maintain residence at a halfway house or community corrections center, as approved by Pretrial Services.

(  ) (p)  Refrain from possessing a firearm, destructive device, or other dangerous weapon.

(  ) (q)  Refrain from (   ) any (   ) excessive use of alcohol.

(  ) (r)  Refrain from any use or unlawful possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner, and/or any other mind altering substances.

(  ) (s)  Submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing, including co-payment.

(  ) (t)  Participate in a program of inpatient or outpatient substance abuse therapy and counseling approved by Pretrial Services. The defendant shall contribute to the cost of services rendered in an amount to be determined by the probation officer based on ability to pay or availability of third party payments.

(  ) (u)  Refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.

(  ) (v)(1)  Participate in one of the following location restriction programs and abide by all the requirements of the program which ( ) will or ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the costs of the program based upon your ability to pay as determined by the officer.

    (  ) (i)  **Curfew.** You are restricted to your residence every day (   ) from _____ to _____, or as directed by the officer.

    (  ) (ii)  **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the officer.

    (  ) (iii)  **Home Incarceration.** You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the officer.

(  ) (v)(2)  Participate in one of the following location restriction programs and abide by all the requirements of the program which will be monitored by a Global Positioning Satellite system (G.P.S.). You shall pay all or part of the costs of the program based upon your ability to pay as determined by the officer.

    (  ) (i)  **Curfew.** You are restricted to your residence every day (   ) from _____ to _____, or as directed by the officer.

    (  ) (ii)  **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the officer.

    (  ) (iii)  **Home Incarceration.** You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the officer.

( X ) (w)  Report within 72 hours, to Pretrial Services any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

( X )  Home Incarceration without electronic monitoring _____

( X )  The defendant shall reside with his Parents at 34 Wilk Street Williamsville, New York 14221.

---

[1]For U.S. Passports, the passport will be returned to the U.S. Office of Passport Policy and Planning upon conviction; For Foreign Passports, the passport will be forwarded to the Bureau of Immigration and Customs Enforcement (ICE); The passport will **only** be returned to defendant if the case is dismissed.

*DISTRIBUTION:*        COURT        DEFENDANT        PRETRIAL SERVICES        U.S. ATTORNEY        U.S. MARSHAL

AO 199C Advice of Penalties and Sanctions (Rev. 09/05)

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim, or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant or officer of the court. The penalties for tampering, retaliating and intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1)  an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2)  an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)  any other felony, you shall be fined not more than $250,000 or imprisoned for not more than two years, or both;

(4)  a misdemeanor, you shall be fined not more than $100,000 or imprisoned for not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

Buffalo, New York
_____
City and State

## Directions to United States Marshal

X
( ) The defendant is ORDERED released after processing.

( ) The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: March 15, 2021
_____

_____
Signature of Judicial Officer

H. Kenneth Schroeder, Jr., USMJ
_____
Name and Title of Judicial Officer

# U.S. DISTRICT COURT
## U.S. District Court, Western District of New York (Buffalo)
## CRIMINAL DOCKET FOR CASE #: <u>1:21−mj−00021−HKS</u>−1

Case title: USA v. Sibick                                    Date Filed: 03/12/2021
Other court case number:  21−MJ−00297 District of Columbia

Assigned to: Hon. H. Kenneth
Schroeder Jr.

**<u>Defendant (1)</u>**

**Thomas F. Sibick**                    represented by    **Alexander J. Anzalone**
                                                         Federal Public Defender
                                                         300 Pearl Street
                                                         Suite 200
                                                         Buffalo, NY 14202
                                                         716−430−4100
                                                         Fax: 716−551−3346
                                                         Email: <u>alexander_anzalone@fd.org</u>
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*
                                                         *Designation: Public Defender Appointment*

**<u>Pending Counts</u>**                              **<u>Disposition</u>**

None

**<u>Highest Offense Level</u>**
**<u>(Opening)</u>**

None

**<u>Terminated Counts</u>**                           **<u>Disposition</u>**

None

**<u>Highest Offense Level</u>**
**<u>(Terminated)</u>**

None

**<u>Complaints</u>**                                  **<u>Disposition</u>**

18:231.F − CIVIL DISORDER

**<u>Plaintiff</u>**

**USA**                                 represented by

1

**Charles Mark Kruly**
U.S. Attorney's Office
Federal Centre
138 Delaware Avenue
Buffalo, NY 14202
716−843−5838
Fax: 716−551−3146
Email: charles.kruly@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: government attorney*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 03/12/2021 | | | Arrest (Rule 5) of Thomas F. Sibick (LMG) (Entered: 03/12/2021) |
| 03/12/2021 | 1 | 4 | Rule 5(c)(3) Documents Received as to Thomas F. Sibick (LMG) (Entered: 03/12/2021) |
| 03/12/2021 | | | Minute Entry for proceedings held before Hon. H. Kenneth Schroeder Jr.: Initial Appearance in Rule 5(c)(3) Proceedings as to Thomas F. Sibick held remotely by videoconference on 3/12/2021.<br><br>Defendant consented to proceeding being held remotely by videoconference via Zoom for Government. AFPD Alexander Anzalone assigned to represent defendant.<br><br>Defendant waived identity hearing and probable cause hearing and executed waiver. Court reserved defendant's right to these hearings when he appears in the District of Columbia.<br><br>Government moved for defendant's detention pending an appearance in the District of Columbia. Defense counsel asked Court to conduct a Detention Hearing.<br><br>Detention Hearing held. After hearing government's proffer and response by defense counsel, Court denied government's motion for detention and released defendant. Court imposed the terms and conditions of defendant's release. Defendant placed on home incarceration at his father's residence. Court directed defendant's father to transport the defendant to the District of Columbia for an appearance in U.S. District Court on 3/16/2021 at 10:00 AM. Court directed counsel for the government to advise defense counsel if the proceeding will be held by Zoom as soon as that information becomes known. Court questioned defendant's father about his willingness to keep defendant at his residence under home incarceration and transport defendant to the District of Columbia. Defendant's father confirmed that he is willing to undertake this responsibility.<br><br>Counsel for the government moved for a stay of the Court's release order. Court denied motion. Court directed U.S. Marshals Service to release defendant.<br><br>Appearances: AUSA Charles Kruly for the government; AFPD Alexander Anzalone with defendant; USPO Andre McCray. (LMG) (Entered: 03/12/2021) |

| 03/12/2021 | 2 | 18 | ORDER REGARDING USE OF VIDEOCONFERENCE as to Thomas F. Sibick. Signed by Hon. H. Kenneth Schroeder Jr. on 3/12/21.(LMG) (Entered: 03/12/2021) |
|---|---|---|---|
| 03/12/2021 | 3 | 19 | WAIVER of Rule 5(c)(3) Hearing by Thomas F. Sibick (LMG) (Entered: 03/12/2021) |
| 03/15/2021 | 4 | 20 | ORDER Setting Conditions of Release as to Thomas F. Sibick. Signed by Hon. H. Kenneth Schroeder Jr. on 3/15/21.(LMG) (Entered: 03/15/2021) |