27 September 2021

MEMORANDUM FOR THE HONORABLE COURT

FROM:  DOUGLAS R. MOQUET, Jr., Esq.
         **(ADDRESS AND PHONE NUMBER DELETED BY DEFENSE COUNSEL)**

SUBJECT:  CHARACTER LETTER IN SUPPORT OF MR. THOMAS SIBICK'S RELEASE PENDING TRIAL

1.  My name is Douglas Moquet, Jr.  I am writing this letter in my personal capacity on behalf of my friend, Mr. Thomas Sibick.  I am an active-duty Major (O-4) in the U.S. Air Force.  I am currently stationed at Joint Base San Antonio—Randolph, TX and assigned as a Circuit Trial Counsel (Senior Prosecutor), Department of Air Force, Trial and Appellate Operations Division.  In this position I represent the United States as lead counsel in felony criminal litigation at military installations globally.  I have served in several assignments including tours as a military defense counsel and as a deployed Staff Judge Advocate conducting missions in Africa and Europe.  I have earned awards such as the Meritorious Service Medal, three Air Force Commendation Medals, in addition to being named the #1 Judge Advocate in the grade of Captain (O-3) at the largest and busiest Air Force Base Legal Office in the world.  Prior to commissioning, I graduated from Lehigh University in 2008 with a B.A. in International Relations and obtained a Juris Doctorate from St. John's University in 2013.  I am licensed to practice law in the State of New Jersey (Attorney ID#088822013).  Since 2014, I have been continuously employed as a Judge Advocate in the Active Duty U.S. Air Force.  My views expressed in this letter do not represent the views of the Department of Defense, the U.S. Air Force, nor any official entity whatsoever.  They are my views and my views alone.

2.  I have known Mr. Thomas Sibick since 2002.  We met as classmates at New York Military Academy (NYMA) – a small military boarding school in Cornwall, New York.  Essentially a high school modeled after the United States Military Academy at West Point, NYMA provided a structured military training environment and prepared cadets for future service in both the public and private sectors.  Mr. Sibick and I both earned leadership positions within the Corps of Cadets, where each of us were charged with the care and stewardship of over 300 lowerclassmen cadets.  Additionally, Mr. Sibick and I forged a friendship as teammates on the varsity lacrosse team, where Mr. Sibick was a star midfielder. Mr. Sibick was not merely a talented athlete; his positive attitude and encouragement lifted team spirits out of many mid-game slumps.  He was enthusiastic, possessed of good humor, and his optimism was infectious, especially in the face of adversity.

3.  Since our graduation from NYMA, I have maintained regular contact with Mr. Sibick.  We have celebrated each other's professional and personal milestones, to include Mr. Sibick's college graduation; his achievement of his M.B.A. in 2019; his relationship with his devoted girlfriend, Amanda; his mentoring of his youngest brother, Gregory, toward his acceptance at the United States Naval Academy; Mr. Sibick's internship and pursuit of a N.Y. state license to work in healthcare; and, notably, Mr. Sibick's successful treatment and rehabilitation from illicit drug use approximately ten years ago.  Since high school, Mr. Sibick has grown into an imperfect but productive member of society—he is a citizen whose accomplishments shine despite the adversity he finds himself in now.

4.  I am aware that Mr. Sibick is charged with serious criminal offenses, to include robbery and assaulting a Capitol law enforcement officer.  If the allegations are true, I do not condone or support his behavior—nor any of the behavior of those associated with the 6 January 2021

Capitol attack.  I do believe, however, that my knowledge of Mr. Sibick's character is sufficient to recommend his release pending trial.  I do not believe that Mr. Sibick is a threat to the community.  To whatever extent Mr. Sibick was affiliated with the events of 6 January 2021, I believe his affiliation was as brief and unique as the event itself—a strange aberration of unusual circumstances unlikely to recur in Mr. Sibick's lifetime.  These circumstances do not absolve any individual participations of responsibility; however, I believe the unique combination of provocation, timing, and hysteria far exceeded any propensity of Mr. Sibick to engage in criminal conduct.

5. I have been in touch with Mr. Sibick's family, to include his devoted mother, Carol, and his father, Captain Eugene Sibick, U.S.N.  They have been in constant contact with Mr. Sibick and his attorney, providing every arrangement to ensure that if Mr. Sibick returns home, he will be supported and provided a stable enviornment.  Additionally, I have been in contact with Mr. Sibick via letters since his incarceration.  His experience has been stressful; yet Mr. Sibick remains optimistic.  His compliance resulted in him earning the praise of his guards; he has earned extra privileges due to his model behavior.  Mr. Sibick has placed renewed emphasis on religious faith and reading books.  At no time did I detect a hint of resentment or animosity that would lead me to believe he poses a danger to the community if released.  Mr. Sibick's model behavior demonstrates to me that he will comply with any conditions this Court may place upon him if released.  In sum, I believe Mr. Sibick's character, his physical and mental condition, his family ties, employment, financial resources, length of residence in his community, and past conduct all favor release.

6. As a military prosecutor, I fully appreciate the Court's need to hold offenders accountable.  Those who engaged in criminal behavior on 6 January 2021 should be tried and punished if convicted.  However, I ask the Court to hold the Government to the highest burden in determining whether Mr. Sibick should be held without bail pending trial.  To be sure, those who attacked our Capitol injured democracy that day.  Still, I believe the health of our democracy will be measured not by that injury but rather by how we, as justice practitioners, respond.  I humbly ask the Court to detain Mr. Sibick pending trial if, and only if, it judges Mr. Sibick a danger to any person or the community.

7. Please contact me if you have any questions or would like to discuss any matter contained in this letter.  I can be reached at **(phone number and email address deleted by defense counsel)**.

Sincerely,

*Douglas Mroguet* (signature)