**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | **CASE NO. 21-cr-291-1 (ABJ)** |
| **v.** | **:** | |
| | **:** | |
| **THOMAS F. SIBICK** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**RESPONSE TO MINUTE ORDER REGARDING VIDEO EXHIBIT RELEASE**

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, hereby responds to the Court's October 18, 2021 Minute Order, directing

the parties to respond to petitioners' request to access video exhibits submitted to the Court in the

above-captioned case. Petitioners represent 16 news organizations, which have moved this Court

to disclose video evidence used in the pretrial detention hearing for the defendant in this case,

pursuant to the procedure outlined by this Court in Standing Order 21-28 (BAH) in *In re Press*

*Coalition's Motion for Access to Video Exhibits and to Set Aside Standing Order No. 21-28*. The

government is in agreement that the videos submitted to this Court can be released in accordance

with the procedure outlined by this Court. *See* Standing Order 21-28 (BAH), at 5-6.

The D.C. Circuit has consistently employed the six-factor "Hubbard test" [1] when

determining whether the common-law right of access to judicial records requires those records to

---

[1] The *Hubbard* test balances the following factors: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Leopold v. v. United States*, 964 F.3d 1121, 1131 (D.C. Cir. 2020) (quoting *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017)).

be made available to the public for copying and inspection. Applied in the general context of video exhibits admitted into evidence in court hearings involving defendants charged with criminal offenses related to the January 6, 2021 breach of the U.S. Capitol, and absent order of the court, that test generally weighs in favor of allowing public access to these exhibits.

The petitioners' filing seeks video exhibits submitted by the defendant for the motion hearing held in this matter in the District of Columbia on October 1, 2021. *See* Petitioners' Memorandum of Points and Authorities in Support of Motion (ECF No. 82), at 2. Neither party sought a sealing order for the videos upon their submission.

Therefore, because the videos were used in this Court's decision on detention, and they were not subject to a sealing order, the government does not object to their disclosure, including their release for recording, copying, downloading, retransmitting or further broadcasting.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793

By:  /s/ *Cara A. Gardner*
     Cara A. Gardner
     Assistant United States Attorney
     D.C. Bar 1003793
     U.S. Attorney's Office
     555 4th Street, N.W.
     Washington, D.C. 20530
     202-252-7009
     Cara.Gardner@usdoj.gov

/s/Tara Ravindra
Tara Ravindra
Assistant United States Attorney
D.C. Bar No. 1030622
555 4th Street, N.W.
Washington, D.C.
(202) 252-7672
Tara.Ravindra@usdoj.gov