UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-291-1 (ABJ) |
| | : | |
| THOMAS F. SIBICK, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO REOPEN DETENTION HEARING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to the defendant's Motion to Reopen Detention Hearing (ECF No. 83). For reasons stated below, the government submits that the motion should be denied. In support, the government relies on the following factual and legal authority, as well as any that may be offered at a hearing on these motions.

### PROCEDURAL HISTORY

The government incorporates by reference its prior recitation of the procedural history in this case as outlined in the Government's Opposition to Defendant's Motion to Reopen Detention Hearing (ECF No. 68).

On October 1, 2021, the Court held an in-person motion hearing and denied Thomas Sibick's Motion to Reopen Detention Hearing (ECF No. 66).

On October 16, 2021, the defendant, Thomas Sibick (hereinafter "the defendant"), filed a second Motion to Modify Bond (ECF No. 83) (hereinafter "defendant's Motion"). The government now responds in opposition.

1

## LEGAL AUTHORITY

The Court can reconsider pretrial detention at any time before trial if the judicial officer finds that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2); *United States v. Bikundi*, 73 F. Supp. 3d 51, 54 (D.D.C. 2014). Any new, material information provided by the defendant is subject to the Bail Reform Act, 18 U.S.C. § 3142(g), which provides a pretrial detention rubric. *See id.* at 54-55, 59. Under Section 3142(g), the Court analyzes: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release.

## ARGUMENT

The defendant requests that the Court reconsider his bond status in light of the following new evidence: 1) letters "from a host of individuals who have known Mr. Sibick for many years," and 2) "reports and information provided by officers and a case manager who have spent countless hours with Mr. Sibick while he has been imprisoned at CTF these past seven months." (Def.'s Mot., ECF No. 83 at p. 5-6). The defense submits that such information "undercuts the strength of two of the four factors" of the 3142(g) analysis—the defendant's history and characteristics and the danger that would be posed by his release. *Id.* at 1. However, the defendant's Motion does not present a legally sound basis for reconsidering his bond status, as it offers no new information that has a material bearing on whether he should be released. Even if this Court does find that some or all of the documents the defendant provided constitutes "information that was not known to the

2

movant at the time of the hearing and that has a material bearing on the issue" under § 3142(f)(2), the information does not move the needle in the analysis favoring continued detention.

    I.    **The defense has not established a basis for the Court to reconsider pretrial detention.**

Courts have consistently held that letters of support like those the defendant submitted do not constitute information "not known to the movant at the time of the hearing." 18 U.S.C. § 3142(f)(2). In *United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991), the Court of Appeals for the First Circuit affirmed the district court's decision not to reopen the detention hearing to consider numerous affidavits and letters from people who vouched for the defendant's good character and likelihood to abide by conditions of release because the letters and affidavits were not new information within the meaning of 18 U.S.C. § 3142(f)(2) since that information was not unknown—even if not written down—to the defendant at the time of original detention hearing. The Court of Appeals for the Fifth Circuit reached a similar decision in *United States v. Hare,* 873 F.2d 796, 799 (5th Cir.1989), affirming the district court's determination that testimony about the defendant's good character from his family and friends does not constitute new evidence. *See also*, *United States v. Martin*, No. 13-00466 JSW (KAW), 2015 WL 1738362, at *3 (N.D. Cal. Apr. 13, 2015) (rejecting a letter in support of the defendant as a sufficient basis to reopen a detention hearing because "it is not information that was unknown to Defendant at the time of his hearing"); *United States v. Ward*, 235 F. Supp. 2d 1183, 1185 (N.D. Okla. 2002) (deciding that proffered testimony concerning the defendant's ties to the community and employment history "does not concern information that was unknown to Defendant at the time of the Detention Hearing"). The same logic applies here. The support of the defendant's friends, family, and associates was not

unknown to him at the time of the detention hearing, even if the letters submitted to the Court did not yet exist.

Furthermore, the reports and information about the defendant's behavior at the jail, while "new" in the sense that at the time of the detention hearing the defendant had not yet had the opportunity to demonstrate good behavior while detained, do not have a "material bearing" on the detention analysis. These exact reports were already filed in the defense's first bond motion (ECF No. 66), and the Court considered them before denying that motion on October 1, 2021. Additionally, allowing a defendant to reopen a detention hearing based solely on his behavior while detained does not constitute information that has a "material bearing" on the issue. *See United States v. Martin*, No. 13-00466 JSW (KAW), 2015 WL 1738362, at *2 (N.D. Cal. Apr. 13, 2015) (holding that certificates of courses completed by the defendant while at the jail is not the kind of information contemplated by the statute to reopen a bond hearing and would result in "judicially inefficient practices"). Accordingly, there is no basis for the Court to reconsider the defendant's detention status under 18 U.S.C. § 3142(f)(2), and his Motion should be denied.

**II.       The Bail Reform Act factors remain in favor of detention.**

Even if the Court were to reconsider detention based on the documents provided by the defense, the § 3142(g) factors still weigh in favor of detention. For the analysis of the § 3142(g) factors, the government incorporates by reference the arguments made in the Government's Opposition to Defendant's Motion to Reopen Detention Hearing (ECF No. 68) and submits that all four factors remain in favor of detention.

In his Motion, the defendant submits that the character letters and information from the Department of Corrections along with the fact that the defendant says he is now remorseful for his

actions suggest that the history and characteristics factor weighs in favor of release. Indeed, the defendant argues that this "one episode in his life should not outweigh the years of demonstrated proof of good character in many settings over the course of many years." (Def.'s Mot., ECF No. 83 at p. 14). However, the defendant's actions on January 6 are not an isolated incident of lawlessness—the defendant has six prior convictions, namely, convictions for disorderly conduct,[1] attempted reckless endangerment,[2] and failure to stop or respond to a command of police,[3] as well as two convictions for possession of illegal substances, and a conviction for driving while intoxicated. As noted below in footnotes 1 and 3, the arrests for two of those convictions involve

---

[1] The factual basis for the arrest that resulted in a disorderly conduct conviction involved the defendant calling the father of someone he was dating 27 times in a 12-hour period and texting, "I will call you until you answer, so be the man you claim you are and answer the phone." The victim believed the defendant was calling him because of charges his daughter was filing regarding a domestic incident between the defendant and the victim's daughter. *After* law enforcement instructed the defendant to cease contacting the victim or criminal charges would be filed, the defendant called the victim's residence and spoke to the victim's wife about a disturbance between the defendant and the victim's daughter regarding property. The government provided the document containing this information to defense counsel by email.

[2] The factual basis for the arrest that resulted in an attempted reckless endangerment conviction involved the defendant target shooting in a quarry near a home such that a bullet from the gun he was shooting almost struck a child's head and lodged in a shed. The government provided the document containing this information to defense counsel by email.

[3] The factual basis for the arrest that resulted in a failure to stop conviction involved the defendant operating a motorcycle at an estimated speed of 120 miles per hour, then ignoring an officer's use of emergency lights to signal a stop, fleeing at a high rate of speed, cutting across five lanes of traffic without signaling, and following too close to numerous cars. Despite having pled guilty to this offense, the defendant has minimized the incident and asserted his innocence by claiming that he did not immediately stop because there was "no safe place to pull over." (Def.'s Mot., ECF No. 83 at p. 16). The defendant was in possession of a concealed and loaded handgun when he was arrested, and the plates and insurance on his motorcycle were expired. The government provided the document containing this information to defense counsel by email.

fact patterns in which the defendant was accused of failing to obey an order from law enforcement. Moreover, as the Court stated in its ruling on October 1, 2021, "[n]othwithstanding his work ethic and kindness to others . . . his candor bears on whether I'm comfortable with the notion that he will comply with conditions that the Court imposes." Tr. 41:2-5. The defendant's "succession of lies" to law enforcement following the events of January 6, 2021 weigh heavily in favor of continued detention. *See* Tr. 42:10-15.

The defendant further argues that the danger he poses to the community is abated because the Court could place him on home detention at his parents' house, where they are willing to pay for a guard 24 hours a day, and because the defense calculates that the possibility of the defendant engaging in a January 6th event again is remote. But the exact circumstances of January 6 do not need to repeat themselves for the defendant to be a danger to the community. The defendant's "good character" did not prevent him from storming the United States Capitol and robbing Officer M.F.'s police badge and radio from his vest on that day, and the Court cannot be assured of the safety of the community were the defendant in home detention. It was in the defendant's own back yard that he buried Officer M.F.'s badge, and from the comfort of his parents' home that he told some of his lies to law enforcement about his actions on January 6. Accordingly, the nature and seriousness of the danger to the community posed by the defendant's release wholly supports the defendant's continued detention.

For the reasons stated above, in the Government's Opposition (ECF No. 68), and on the record at the hearing on October 1, 2021, the government submits that the weight of the factors all individually favor continued detention. However, even if the Court determines that the defendant's history and characteristics or the danger he poses to the community weighs in favor of release,

6

these are just two of four factors the Court must consider in determining whether there are conditions of release that assure the safety of any other person or the community and the defendant's return to court. Indeed, these factors alone do not override the nature and circumstances of the charges nor the weight of the evidence. Thus, under the Bail Reform Act, the defendant should continue to be held.

## **CONCLUSION**

The government respectfully requests that this Court deny the defendant's motion.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
DC Bar No. 415793


By:   /s/ *Cara A. Gardner*
Cara A. Gardner
Assistant United States Attorney
D.C. Bar 1003793
U.S. Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
202-252-7009
Cara.Gardner@usdoj.gov

*/s/Tara Ravindra*
Tara Ravindra
Assistant United States Attorney
D.C. Bar No. 1030622
555 4th Street, N.W.
Washington, D.C.
(202) 252-7672
Tara.Ravindra@usdoj.gov

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on October 22, 2021, I served a copy of this pleading on defendant's counsel through the Court's electronic filing system.

                                               */s/ Cara A. Gardner*
                                         Cara A. Gardner
                                         Assistant United States Attorney