UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | : |
| v. | : Crim. No. 21-CR-291-1 (ABJ) |
| THOMAS F. SIBICK | : |

**DEFENDANT THOMAS SIBICK'S UNOPPOSED MOTION TO CORRECT[1] ORDER SETTING CONDITIONS OF RELEASE**

Defendant Thomas F. Sibick, through undersigned counsel, Stephen F. Brennwald, in support of his Unopposed Motion to Correct Order Setting Conditions of Release, states as follows:

This Court held a hearing on October 26, 2021. At the conclusion of that hearing, the Court ordered Mr. Sibick released into the custody of his father, Dr. Eugene M. Sibick.

**"Residence" defined**

At counsel's request,[2] the Court further explicitly permitted Mr. Sibick to go into the yard of his parents' residence. The Court did not distinguish between the front yard or the back yard, or limit Mr. Sibick's "travel" to any specific part of the yard, but it was obvious that the Court was referring to the entire yard,[3] as there was a discussion of Mr. Sibick's desire to shovel snow on his parents' driveway. Driveways are typically in the front of a home, and generally extend to an adjacent public roadway.

The Court did not limit Mr. Sibick to the patio or porch area, as the Order currently provides ("Defendant may go on the porch/patio of his residence"). Order, at 7(t).

---

[1] Defendant is not seeking to amend his conditions of release. He is seeking a correction of the Order Setting Conditions of Release, as it does not reflect what this Court ordered on October 26, 2021.

[2] Counsel pointed to the fact that even prison inmates are allowed to go outside every day for "rec." and that it is mentally healthy for a person to be able to go outside at some point during the day.

[3] The property is about a half-acre. Thus, we do not have a situation where the defendant would be going far from the structure of the home, as would be the case where a property covers several acres.

1

Defendant therefore asks that the release order be corrected to state that "the defendant may leave the home but is confined to the perimeter of the property."  If the Court believes that a different choice of words better expresses its intent, that is obviously up to the Court.

**Internet-Capable Devices**

The Order further states that "Defendant is not to have access to any internet-capable devices and must surrender any smartphone device …."

Again, this is not what the Court ordered.[4]  The Court prohibited Mr. Sibick from using any social media.  It also prohibited him from watching (presumably on television, on a tablet or on any other internet-capable device) any opinion shows or other political content, whether from Fox or MSNBC (or obviously any other source), and from attending any political rallies.  It did not forbid him from being able to access the internet.

Mr. Sibick has indicated to counsel that he does not want to engage in any conduct that could even remotely be considered to be a violation of this Court's Order, but because the written order does not comport with the Court's order from the bench, he seeks a correction of that order with respect to this provision as well.

Mr. Sibick will likely need to access the internet either for a job search, for remote work (if applicable), or for other lawful purposes (to listen to a sports broadcast or music on the radio or on his phone), and there is no reason that he should not be able to do so.  Conditions of release should not be more restrictive than necessary, and in this case, barring Mr. Sibick from using any internet-capable device is not appropriate (or what the Court ordered).

The defendant does not have any objection to the monitoring, tracking, or other surveilling of the sites he visits on any device.  This is a provision that is sometimes imposed,

---

[4] This specific provision is not atypical in release orders, but it is not what the Court ordered in Mr. Sibick's case.

and Mr. Sibick has no reason to object to such monitoring if the Court believes that this is necessary.

As noted in the title of the motion, the government does not oppose this motion, as its memory of the Court's statements at the October 26, 2021 is the same as that of undersigned counsel.

WHEREFORE, in light of the foregoing, defendant asks this Court to correct the Order Setting Conditions of Release, and seeks any other relief this Court deems just and proper.

                                      Respectfully submitted,

                                      /s/

                                      Stephen F. Brennwald, Esq.
                                      Bar No. 398319
                                      Brennwald & Robertson, LLP
                                      922 Pennsylvania Avenue, S.E.
                                      Washington, D.C.  20003
                                      (301) 928-7727
                                      (202) 544-7626(facsimile)
                                      E-mail:  sfbrennwald@cs.com

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing was sent by ECF, this 29th day of October, 2021 to the U.S. Attorney's Office, 555 4th Street, N.W., Washington, D.C.  20530, and to all counsel of record.

                                      /s/

                                      Stephen F. Brennwald