UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | : |
| v. | : Crim. No. 21-CR-291-1 (ABJ) |
| THOMAS F. SIBICK | : |

**DEFENDANT THOMAS SIBICK'S EMERGENCY MOTION
FOR MODIFICATION OF CONDITIONS OF RELEASE**

Defendant Thomas F. Sibick, through undersigned counsel, Stephen F. Brennwald, seeks two modifications with respect to his release conditions, only the first of which is an "emergency."

First, as to the emergent request, Mr. Sibick lost a good friend on December 22, 2021, and hopes to attend that friend's wake on Wednesday, December 29, 2021. He would only be out of his house between about 6:50 p.m. and 8:15 p.m., and would be accompanied by his father throughout that time period. He would only go from his parents' home to the funeral home and return directly home. The wake takes place at a funeral home in a small town near the Sibick residence, in New York State.[1]

Second, Mr. Sibick asks this Court to modify the condition of release that prohibits him from using "any social media." Mr. Sibick seeks permission to use websites that would specifically help him seek employment, such as Indeed.com or Linkedin.com, as well as media

---

[1] Undersigned counsel has seen the funeral notice, and is happy to provide the Court with a copy of that notice, which includes specific information regarding the decedent and the wake and funeral. Because of the notoriety of this case, however, counsel will not include that notice in this public filing. Even mentioning the name of the small town where the events will take place would too closely pinpoint the location of the wake. Incidentally, Mr. Sibick would only attend the wake, and not the funeral, which is scheduled for the following day, as he has another approved appointment on Thursday, December 30, 2021, that he should not miss.

sites that would allow him to interact with members of the opposite gender for the purpose of establishing a friendship.[2]

He is not seeking to use any social media application for any prohibited purpose, such as for political engagement, news reading, or any other activity that would violate not only the letter, but the spirit, of his release conditions.  He is very grateful to this Court for the chance it took when it released him, and he has no intention of remotely coming close to any line that delineates his activity while on release.

In the event the Court does not believe that he should be allowed to access any social media site for the purpose of establishing a friendship, he asks that the Court nevertheless allow him to seek employment through the usual social media applications.  He understands that he is not permitted to leave his home to go to work, but this Court indicated at an earlier hearing that it would consider such a request at a later time.  Perhaps that time is not now.  Perhaps it is.

Mr. Sibick has been on release for about two months, and as far as counsel is aware, his compliance has been perfect.[3]

Counsel has suggested to Mr. Sibick that he only seek employment that would have him stay in one location during work hours, rather than one that would have him "move around" during the day (such as if he were a delivery driver).

In the event Mr. Sibick does locate suitable employment, he may need to participate in in-person interviews, and he seeks permission to leave his parents' residence only for the

---

[2] Mr. Sibick realizes that if he were to meet someone on a social media site, he would be unable to leave his home for the purpose of going to dinner or to participate in other events.  He does, however, feel the need to establish some sort of connection with someone (if possible, in light of his situation).
[3] This Court should be aware that the strong sentiments and thoughts Mr. Sibick expressed in his letter to the Court ahead of his last bond hearing have not diminished, wavered, or changed.  He is resolute in his path forward, and is committed to the continuation of his process of self-improvement.

purpose of such interviews.[4] Of course, job interviews will likely be conducted remotely for the foreseeable future, so this issue may not be as urgent as it might otherwise seem. But in the event an employer would like to meet with Mr. Sibick in person, he would like to be able to do so.

Defendant consulted with the government regarding the second request in this motion (he has not consulted with the government with respect to the wake issue, as that just arose today, Saturday, December 25, 2021), and the government then contacted the Pretrial Services Agency ("PSA") in Washington, D.C.[5]

A PSA representative indicated that in its view, this request for a modification for employment was premature, as Mr. Sibick has only been on release for less than two months. PSA further stated that if the Court decided that the requested change is appropriate, that the Court order that Mr. Sibick's access devices (phone, computer, tablet, etc…) be equipped with a remote monitoring system at the defendant's expense.

Defendant, while not specifically opposed to the monitoring idea as it relates to his search for employment, would be less comfortable with the monitoring of his devices with respect to the second purpose for which he seeks modification of the social media condition. Of course, even assuming (without taking for granted) that this Court would approve of Mr. Sibick's requests, it is not clear whether such a distinction in monitoring is even possible.

Counsel would also note that, to this date, there has been no monitoring of any computer that Mr. Sibick may have used to write letters, to review emails from undersigned counsel, or to

---

[4] Counsel is confident that one of Mr. Sibick's parents would be happy to go with him as he drove to any interview to ensure (for the Court's peace of mind) that he drove straight from his home to the employer's location and straight back home.

[5] Counsel suggested to Mr. Sibick that he contact his pretrial representative in the Western District of New York regarding the wake issue. Mr. Sibick indicated, however, that he has often not received a response when communicating about various events, and has no confidence that he would receive a timely reply to this request were he to submit one.

view discovery. While PSA's concern is understandable, given its role in such a case, Mr. Sibick, again, has no intention or desire to violate any condition of release and risk a return to jail.

WHEREFORE, in light of the foregoing, defendant asks this Court to allow him to travel to his friend's wake on December, 29, 2021, between the hours of 6:50 p.m. and 8:15 p.m., to allow him to use social media as outlined above, and for any other relief this Court may deem just and proper.

Respectfully submitted,

/s/

Stephen F. Brennwald, Esq.
Bar No. 398319
Brennwald & Robertson, LLP
922 Pennsylvania Avenue, S.E.
Washington, D.C.  20003
(301) 928-7727
(202) 544-7626(facsimile)
E-mail:  sfbrennwald@cs.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was sent by ECF, this 25th day of December, 2021 to the U.S. Attorney's Office, 555 4th Street, N.W., Washington, D.C.  20530, and to all counsel of record.

/s/

Stephen F. Brennwald