UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | : |
| v. | : Crim. No. 21-CR-291-1 (ABJ) |
| THOMAS F. SIBICK | : |

### DEFENDANT THOMAS SIBICK'S MOTION
### FOR MODIFICATION OF CONDITIONS OF RELEASE

Defendant Thomas F. Sibick, through undersigned counsel, Stephen F. Brennwald, submits the following Motion for Modification of Conditions of Release, and in support thereof, states as follows:

On October 26, 2021, this Court modified defendant Sibick's bond, granting him release on his personal recognizance with the stipulation that he remain in 24-hour a day home confinement. The Court allowed him to leave the home for medical and court appointments, as well as for other activities specifically approved by the Court. ECF No. 89.

Since the date of his release, nearly three months ago, Mr. Sibick's compliance has been exemplary.

Mr. Sibick now seeks permission to search for, and gain, employment pending the outcome of his case. The Court's October 26, 2021, Order does not prohibit him from accessing employment websites, and he intends to attempt to secure employment as soon as practicable.

In the meantime, he submits the following two requests to the Court:

a) That he be permitted to accompany and assist an individual[1] who is renovating and working on two separate properties. The expected work hours would be from 10:30

---

[1] Defendant is not including this individual's name, or the work locations, in this filing, but counsel has personally spoken with this individual to confirm the existence of this work need, and the accuracy of the hours and days Mr. Sibick has indicated he would work. This work may, or may not, be remunerated, but it will allow Mr. Sibick to participate in a worthwhile and mentally-healthy activity rather than stay at home all day.

a.m. to 4 p.m., five days a week (Monday through Friday), so he asks that he be allowed to be released on a curfew on those days between 9:30 and 5 p.m. This individual would be with Mr. Sibick at all times throughout the work days.

b) He further asks that this Court direct and/or allow the supervising pretrial agent in the Western District of New York to grant Mr. Sibick permission,[2] upon the submission of satisfactory proof (either oral or written), to attend employment interviews and, if hired, to engage in full-time employment as directed by the putative employer. Defendant would also request that the Court direct the supervising pretrial agent to approve of any reasonable employment-related request (whether an interview or actual employment) and refrain from placing unnecessary hurdles in Mr. Sibick's path in this regard.[3]

The government opposes these requests.

WHEREFORE, in light of the foregoing, defendant asks this Court to grant the foregoing relief, and for any other relief this Court may deem just and proper.

    Respectfully submitted,

    /s/

Stephen F. Brennwald, Esq.
Bar No. 398319
Brennwald & Robertson, LLP
922 Pennsylvania Avenue, S.E.
Washington, D.C. 20003
(301) 928-7727
(202) 544-7626(facsimile)
E-mail: sfbrennwald@cs.com

---

[2] This proposal is suggested in order to obviate the need for this very busy Court to micro-manage Mr. Sibick's employment search and actual employment. Obviously, if the Court concludes that there is a more appropriate way to proceed, the defendant will follow any resulting order.

[3] On Monday, January 24, 2022, a new agent began supervising Mr. Sibick, and neither counsel nor Mr. Sibick knows the agent's supervisory customs and practices (whether restrictive and overly technical, or more "practical" and progress-oriented).

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was sent by ECF, this 26th day of January, 2022 to the U.S. Attorney's Office, 555 4th Street, N.W., Washington, D.C. 20530, and to all counsel of record.

/s/

Stephen F. Brennwald