UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-cr-291-1 (ABJ) |
| : | |
| THOMAS F. SIBICK, : | |
| : | |
| Defendant. : | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR MODIFICATION OF CONDITIONS OF RELEASE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to Defendant Thomas Sibick's Motion for Modification of Conditions of Release. The government respectfully opposes the Defendant's request to a step-down from home incarceration to a curfew. The government does not oppose the Defendant's request to be able to attend employment interviews upon showing satisfactory proof of an employment interview to his supervising Pre-Trial Services agent, as long as he otherwise remains on home incarceration.

## PROCEDURAL HISTORY

1. On March 12, 2021, the Defendant, Thomas Sibick (hereinafter "the Defendant"), was arrested in New York on an arrest warrant issued from the United States District Court for the District of Columbia by Magistrate Judge G. Michael Harvey in connection with a Criminal Complaint issued on March 10, 2021.

2. At the detention hearing on March 12, 2021, in the Western District of New York, the Magistrate Judge denied the government's oral motion to detain the Defendant pending trial and he was released. On that same day, the government filed an Emergency Appeal of the Release

Order (ECF No. 7) and subsequently, a Memorandum in Support of Pretrial Detention (ECF No. 8). The Defendant filed a Response (ECF No. 9) to the government's request. Following a hearing on the Government's appeal, Chief Judge Beryl A. Howell reversed the Magistrate Judge's release order and ordered the Defendant detained pending trial (ECF No. 12).

3. On March 29, 2021, the Defendant appealed Chief Judge Howell's ruling to the U.S. Court of Appeals D.C. Circuit (ECF No. 16). The Court of Appeals affirmed Chief Judge Howell's detention decision on May 21, 2021 and the Defendant remained detained (ECF No. 48).

4. On April 9, 2021, the Defendant was indicted by a grand jury in a thirteen-count indictment along with co-defendants, Albuquerque Head (21-cr-291-2) and Kyle Young (21-cr-291-3) (ECF No. 19).

5. On September 10, 2021, the Defendant filed a Motion to Reopen Detention Hearing (ECF No. 66) and the government subsequently responded in Government's Opposition to Defendant's Motion to Reopen Detention Hearing (ECF No. 68).

6. On October 1, 2021, the Court held an in-person motion hearing and denied the Defendant's Motion to Reopen Detention Hearing (ECF No. 66).

7. On October 16, 2021, the Defendant filed a second Motion to Modify Bond (ECF No. 83) to which the government responded in the Government's Opposition to Defendant's Motion to Reopen Detention Hearing (ECF No. 87).

8. On October 26, 2021, the Court held a second in-person motion hearing and granted the Defendant's Motion to Modify Bond (ECF No. 83), releasing the Defendant to home incarceration. *See* Minute Entry dated October 26, 2021.

9. The Court then issued an Order Setting Conditions of Release (ECF No. 89) ordering the Defendant, in relevant part, to submit to supervision by the U.S. Pretrial Office for

the Western District of New York, report as directed, and participate in Home Incarceration, with a "24-hour-a-day lock-down to [his] residence except for medical necessities and court appearances or other activities specifically approved by the court[.]" *See* Order Setting Conditions of Release, ECF No. 89 at 2 ¶ (p)(iii). The Court further ordered that the Defendant shall submit to location monitoring as directed by pretrial services, to "not have access to any internet-capable devices and must surrender any smartphone device to US Pretrial Office for the Western District of New York[,]" and that the Defendant "may not use an social media – including, but not limited to Parler, Gab, Reddit, Facebook, Instagram, Discord, Twitter, SnapChat, TikTok, and any similar platform – on any electronic device (e.g. phone, table, computer, laptop)" and "not watch any political news programs and may not attend any political rallies." *Id*. at 3 ¶ ¶ (q), (t).

10. On October 29, 2021, the Defendant filed an Unopposed Motion to Correct Order Setting Conditions of Release (ECF No. 92). The Court granted that motion in part on October 30, 2021 and November 2, 2021 removing the condition that he not possess or access any internet capable device and permitting him to leave the house to access outdoor spaces including the porch, patio, yard, and driveway. *See* Minute Order dated October 30, 2021; Minute Order dated November 2, 2021; Modified Order Setting Conditions of Release (ECF No. 95).

11. On December 26, 2021, the Court issued a Minute Order granting in part the Defendant's Emergency Motion for Modification of Conditions of Release (ECF No. 102), providing the Defendant permission to attend a wake. *See* Minute Order dated December 26, 2021.

12. On January 26, 2022, the Defendant filed his Motion for Modification of Conditions of Release (hereinafter "the Defendant's Motion") (ECF No. 108). The government now responds herein.

13. It is the government's understanding that Pretrial Services Agency (hereinafter "PSA") opposes the Defendant's requests. According to Pretrial Services Officer Christine Schuck, D.C. PSA does not typically recommend or initiate a request to a lower level of supervision, as the Defendant is requesting a step-down from home incarceration to a curfew in order to renovate homes. Further, it is the government's understanding that PSA for the Western District of New York would also oppose the Defendant utilizing Linkedin to secure employment as well as the Defendant's request for a curfew in order to renovate properties, as he has only been on home incarceration for approximately 4 months.

14. Further, while it appears that defense "counsel has personally spoken with this individual to confirm the existence of this work need[]" (ECF No. 108 at 1, fn. 1), it is the government's understanding that PSA has not been able to verify the employer.

## ARGUMENT

15. The Court may amend a release order "at any time . . . to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3). Modifications are generally grounded in new information or a change in circumstances that would merit such a modification. *See e.g., United States v. Hebron*, No. CRIM.A. 97-178 (TAF), 1997 WL 280568, at *1 (D.D.C. May 22, 1997); *accord United States v. Bikundi*, 73 F. Supp. 3d 51, 54 (D.D.C. 2014) (citing 18 U.S.C. § 3142(f)(2)(B)). The Court may "amend the order setting [the defendant's] conditions of release, but the Court must ensure that the conditions imposed are the least restrictive conditions that will reasonably assure his appearance as required and the safety of any other person and the community." *United States v. Mullins*, No. 21-cr-35-EGS-4, Minute Order dated July 8, 2021, at ¶ 3 (citing 18 U.S.C. § 3142(c)(1)(B), (c)(3)).

16. The government opposes the Defendant's request "to be released on a curfew" in order "to accompany and to assist an individual who is renovating and working on two separate properties." Defendant's Motion, ECF No. 108 at 1-2 ¶ (a). This request would step the Defendant down from his current level of supervision to location monitoring and a curfew. The Defendant has only been on home incarceration for approximately four months, and Pretrial Services has not been able to verify the Defendant's purported employment.

17. The government remains concerned about the safety of the community and incorporates by reference its prior arguments regarding the safety of the community outlined in the Government's Memorandum in Support of Pretrial Detention (ECF No. 8), the Government's Opposition to Defendant's Motion to Reopen Detention Hearing (ECF No. 68), and the Government's Opposition to Defendant's Motion to Reopen Detention Hearing (ECF No. 87).

18. The Government appreciates that the Defendant has thus-far been compliant with his conditions of release. However, the Defendant's compliance is expected. *See United States v. Mullins*, No. 21-cr-35-EGS-4, Minute Order dated July 8, 2021, at ¶ 3. Although any failure to comply could result in revocation and being placed in no-bond status, it does not necessarily follow that compliance should result in further reduction of the Defendant's conditions of release. Rather, apparent compliance is some evidence that the Defendant's existing conditions are currently working to ensure community safety. Indeed, Judges have previously held that "compliance—even model compliance—with the Court's requirements is not enough to warrant adjustment of . . . pretrial release conditions. Only if there has been a development . . . that would affect the Court's assessment of the 'least restrictive' conditions of release that 'will reasonably assure . . . the safety of any other person and the community,' could she be entitled to the adjustment that she requests."

*United States v. Henry*, 314 F. Supp. 3d 130, 133 (D.D.C. 2018) (quoting 18 U.S.C. § 3142(c)); *see also United States v. Mullins*, No. 21-cr-35-EGS-4, Minute Order dated July 8, 2021.

19. There has been no change in the Defendant's circumstances that decreases the danger he presents to the community. The Defendant has demonstrated a willingness to use violence to impede and obstruct the right and lawful function of government. The current conditions of release continue to balance allowing the Defendant to remain in the community, while protecting the safety of the community.

20. The government submits that allowing the Defendant to be removed from home incarceration to the requested curfew does not reasonably assure the safety of the community. Given all of the circumstances, there is no compelling reason to remove the Defendant from home incarceration to a curfew requirement. The motion should thus be denied as to the Defendant's request that he be stepped down from home incarceration to a curfew.

21. However, the government does not oppose the Defendant's request to attend employment interviews upon showing satisfactory proof to his supervising Pre-Trial Services agent of the interview, as long as the Defendant otherwise remains on home incarceration. The government defers to Pre-Trial Services regarding the type of proof required to attend an employment interview.

## **CONCLUSION**

22. For the reasons outlined above, the government respectfully requests that this Court deny the Defendant's motion to be stepped down from home incarceration to a curfew. The government does not oppose the Defendant's request to be permitted to attend employment interviews upon a showing of satisfactory proof to his supervising Pre-Trial Services agent.

Respectfully submitted,

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

 */s/ Tara Ravindra*
Tara Ravindra
D.C. Bar No. 1030622
Cara Gardner
D.C. Bar No. 1003793
Assistant United States Attorneys
555 4th Street, N.W.
Washington, D.C. 20530
Tara.Ravindra@usdoj.gov
Cara.Gardner@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 9, 2022, I served a copy of this pleading on Defendant's counsel through the Court's electronic filing system.

 */s/ Tara Ravindra*
Tara Ravindra
Assistant United States Attorney

Date:  February 9, 2022