**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES | : |
| v. | : Crim. No. 21-CR-291-1 (ABJ) |
| THOMAS F. SIBICK | : |

**DEFENDANT THOMAS SIBICK'S MOTION FOR CLARIFICATION**
**OF COURT'S MINUTE ORDER CONCERNING CONDITIONS OF RELEASE**

Defendant Thomas F. Sibick, through undersigned counsel, Stephen F. Brennwald, submits the following Motion for Clarification of Court's Minute Order Concerning Modification of Conditions of Release, and in support thereof, states as follows:

On October 26, 2021, this Court modified defendant Sibick's bond, granting him release on his personal recognizance with the stipulation that he remain in 24-hour a day home confinement. The Court allowed him to leave the home for medical and court appointments, as well as for other activities specifically approved by the Court. ECF No. 89.

Since the date of his release, Exactly five months ago, Mr. Sibick's compliance has been exemplary.

Mr. Sibick filed a motion to modify his conditions of release on January 26, 2022. In that motion, he specifically asked for permission to leave his home between the hours of 9:30 a.m. and 5:00 p.m. for the purpose of helping an individual who is renovating two homes in the Buffalo area. Mr. Sibick further asked the Court to "direct and/or allow the supervising agent" to make decisions concerning any request to be released to attend a job interview and, if Mr. Sibick was successful in securing employment, to go to work on a full-time basis.

Although he inartfully used the word "curfew" when referring to the specific renovation work he sought to engage in, he did not ask that he be released during the aforementioned hours

"in general."  The release he sought was only with respect to the renovation work with a specific person who was working on two specific homes.  He further noted that he would be with that person from the time he left his parents' home until the time they both returned to his parents' home.

On February 28, 2022, this Court ruled, in a Minute Order, that "the Court will approve release for the purpose of specific employment activities at specific locations and times if and when such activities have been verified and approved by Pretrial Services."  It denied Mr. Sibick's request to be allowed to leave his home between the hours of 9:30 to 5 p.m. to help a person (unnamed in the public filing) who is renovating these two homes in the Buffalo area.

It appears that the Court may have denied the defendant's request because it misconstrued the specific request articulated in his motion and in the reply.  In his Reply, Mr. Sibick asked for permission to "leave his parents' home Monday through Friday, between 9:30 and 5 p.m., and for permission to seek employment on a full time basis…."  In its Minute Order, the Court stated that Mr. Sibick had requested "advance approval to leave the house between 9:30 a.m. and 5 p.m. to perform the renovation work described in the motion or any other full time employment."

The ruling did not take into account the comma used in the reply.  That comma was purposeful, and is critical to the understanding of Mr. Sibick's request.  It divides the request into two parts:  First, it sought release during specified hours to help a specific person with a specific job.  Second, it asked that – aside from that opportunity – the Court delegate to the pretrial services officer the power to decide whether Mr. Sibick could attend a job interview, and, if he secured employment, to begin working with a specific employer.  It did not ask for a blanket order of release between the hours of 9:30 a.m. and 5 p.m. for any reason whatsoever.

But this apparent misreading of the defendant's request in his Reply (a request the United States Attorney's Office also seems to have misunderstood) led the Court and the U.S. Attorney's Office to believe the defendant was seeking to change his home detention condition to a curfew.

Again, defendant concludes that this is the case because while in his Reply, he separated his two requests with a comma "[request no. 1] leave his parents' home Monday through Friday, between 9:30 a.m. and 5 p.m. [Comma] and [request no. 2] for permission to seek employment on a full time basis…." [Reply, at 2; ECF. 111], the Minute Order does not separate the two events, but treats them as one request.

To reiterate, Mr. Sibick was not seeking to change his release conditions from home confinement to a curfew, but was requesting that *while on home confinement*, he be allowed to help his friend renovate two homes between the hours listed above. He was not asking that he be released between those hours if he was not going to either one of the two homes he wanted to help his friend renovate.

This may all be beside the point, however, as when Mr. Sibick sought to have his pretrial services officer verify the details concerning this work opportunity with his friend, the officer told Mr. Sibick that he (the officer) could not approve the release because Mr. Sibick's request to help his friend with the renovation work was not an actual work assignment, but was a volunteer opportunity – something, the officer said, this Court had not approved.

Undersigned counsel left messages with the pretrial services officer in an attempt to clarify the officer's position, but despite the passage of several weeks, counsel has not received a return call.

It appears that the officer believes that the Court approved Mr. Sibick's release (contingent upon prior verification by the officer) for any work interviews and for any remunerated employment Mr. Sibick may eventually secure, but not for any supposed "volunteer work." And because the officer does not believe Mr. Sibick was going to be paid to help his friend with the renovation work, he (the officer) concluded that he did not have permission to allow Mr. Sibick to leave his house during the week to do such "volunteer" work.

Defendant now asks this Court to clarify the language in its Minute Order so that it is clear whether Mr. Sibick is only allowed to leave his parents' home to perform remunerated work, or whether he would be allowed – upon verification of necessary details by the officer - to leave his parents' home to help his friend with the renovation, even if his friend does not pay him for his services.

Mr. Sibick does not understand why there would be a concern because of the two different scenarios – paid work or volunteer work – but this distinction appears to have prevented the pretrial services officer from allowing Mr. Sibick to help his friend.

WHEREFORE, in light of the foregoing, defendant asks this Court to grant the foregoing relief, and for any other relief this Court may deem just and proper.

Respectfully submitted,

/s/

Stephen F. Brennwald, Esq.
Bar No. 398319
Brennwald & Robertson, LLP
922 Pennsylvania Avenue, S.E.
Washington, D.C.  20003
(301) 928-7727
(202) 544-7626(facsimile)
E-mail:  sfbrennwald@cs.com

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing was sent by ECF, this 26th day of March, 2022 to the U.S. Attorney's Office, 555 4th Street, N.W., Washington, D.C.  20530, and to all counsel of record.

/s/

Stephen F. Brennwald