UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-291-1 (ABJ) |
| | : | |
| THOMAS F. SIBICK, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR
MODIFICATION OF CONDITIONS OF RELEASE**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to Defendant Thomas Sibick's Motion for Modification of Conditions of Release. The government respectfully opposes the Defendant's request to a step-down from home detention to a curfew. The Defendant continues to pose a danger to the community, and his record of compliance with his current conditions of release coupled with his desire for more freedom is not an appropriate basis to place him on a lower level of supervision.

**PROCEDURAL HISTORY**

1.      On March 12, 2021, the Defendant, Thomas Sibick (hereinafter "the Defendant"), was arrested in New York on an arrest warrant issued from the United States District Court for the District of Columbia by Magistrate Judge G. Michael Harvey in connection with a Criminal Complaint issued on March 10, 2021.

2.      At the detention hearing on March 12, 2021, in the Western District of New York, the Magistrate Judge denied the government's oral motion to detain the Defendant pending trial and he was released. On that same day, the government filed an Emergency Appeal of the Release Order (ECF No. 7) and subsequently, a Memorandum in Support of Pretrial Detention (ECF No.

1

8). The Defendant filed a Response (ECF No. 9) to the government's request. Following a hearing on the Government's appeal, Chief Judge Beryl A. Howell reversed the Magistrate Judge's release order and ordered the Defendant detained pending trial (ECF No. 12).

3.      On March 29, 2021, the Defendant appealed Chief Judge Howell's ruling to the U.S. Court of Appeals D.C. Circuit (ECF No. 16). The Court of Appeals affirmed Chief Judge Howell's detention decision on May 21, 2021 and the Defendant remained detained (ECF No. 48).

4.      On April 9, 2021, the Defendant was indicted by a grand jury in a thirteen-count indictment along with co-defendants, Albuquerque Head (21-cr-291-2) and Kyle Young (21-cr-291-3) (ECF No. 19).

5.      On September 10, 2021, the Defendant filed a Motion to Reopen Detention Hearing (ECF No. 66) and the government subsequently responded in Government's Opposition to Defendant's Motion to Reopen Detention Hearing (ECF No. 68).

6.      On October 1, 2021, the Court held an in-person motion hearing and denied the Defendant's Motion to Reopen Detention Hearing (ECF No. 66).

7.      On October 16, 2021, the Defendant filed a second Motion to Modify Bond (ECF No. 83) to which the government responded in the Government's Opposition to Defendant's Motion to Reopen Detention Hearing (ECF No. 87).

8.      On October 26, 2021, the Court held a second in-person motion hearing and granted the Defendant's Motion to Modify Bond (ECF No. 83), releasing the Defendant to home incarceration. *See* Minute Entry dated October 26, 2021.

9.      The Court then issued an Order Setting Conditions of Release (ECF No. 89) ordering the Defendant, in relevant part, to submit to supervision by the U.S. Pretrial Office for the Western District of New York, report as directed, and participate in Home Incarceration, with

a "24-hour-a-day lock-down to [his] residence except for medical necessities and court appearances or other activities specifically approved by the court[.]" *See* Order Setting Conditions of Release, ECF No. 89 at 2 ¶ (p)(iii). The Court further ordered that the Defendant shall submit to location monitoring as directed by pretrial services, to "not have access to any internet-capable devices and must surrender any smartphone device to US Pretrial Office for the Western District of New York[,]" and that the Defendant "may not use an social media – including, but not limited to Parler, Gab, Reddit, Facebook, Instagram, Discord, Twitter, SnapChat, TikTok, and any similar platform – on any electronic device (e.g. phone, table, computer, laptop)" and "not watch any political news programs and may not attend any political rallies." *Id*. at 3 ¶¶ (q), (t).

10.     On October 29, 2021, the Defendant filed an Unopposed Motion to Correct Order Setting Conditions of Release (ECF No. 92). The Court granted that motion in part on October 30, 2021 and November 2, 2021 removing the condition that he not possess or access any internet capable device and permitting him to leave the house to access outdoor spaces including the porch, patio, yard, and driveway. *See* Minute Order dated October 30, 2021; Minute Order dated November 2, 2021; Modified Order Setting Conditions of Release (ECF No. 95).

11.     On December 26, 2021, the Court issued a Minute Order granting in part the Defendant's Emergency Motion for Modification of Conditions of Release (ECF No. 102), providing the Defendant permission to attend a wake. *See* Minute Order dated December 26, 2021.

12.     On January 26, 2022, the Defendant filed a Motion for Modification of Conditions of Release (ECF No. 108), to which the government responded in the Government's Response to Defendant's Motion for Modification of Conditions of Release (ECF No. 109), and the Defendant replied (ECF No. 111).

13.     On February 28, 2022, the Court issued a Minute Order granting in part and denying in part the Defendant's Motion to Modify Conditions of Release. The Court ruled that the Defendant would remain on home detention except for medical necessities and court appearances or other activities approved by the Court. The Court approved "release for the purpose of specific employment activities at specific locations and times if and when such activities have been verified and approved by Pretrial Services," but declined to "issue a blanket order relaxing the conditions imposed on the defendant in advance." The Court also clarified that the Defendant is not permitted to access LinkedIn.com as part of his restrictions on social media use. *See* Minute Order dated February 28, 2022.

14.     On March 26, 2022, the Defendant filed a Motion for Clarification of Court's Minute Order Concerning Conditions of Release (ECF No. 113).

15.     On April 6, 2022, the Court ruled in a Minute Order that the Defendant "may be permitted by the U.S. Probation Office for the Western District of New York to leave his residence between 9:00 am and 5:00 pm on weekdays to attend verified job interviews or to perform work at specified times and specified locations paid or unpaid that has been verified and approved by the Probation Office in advance." The Court's Order indicated that the Probation Office had verified and approved employment from April 11 to April 29 and that the Probation Office "is authorized to approve verified employment without seeking the Court's permission each time." *See* Minute Order dated April 6, 2022.

16.     On May 16, 2022, the Defendant filed a second Motion for Modification of Conditions of Release (hereinafter "the Defendant's Motion") (ECF No. 127), seeking to have his home confinement condition modified to a curfew. The government now responds herein.

17.     The Pretrial Services Agency (hereinafter "PSA") opposes the Defendant's request, as stated in a report filed on May 25, 2022 (ECF No. 128). According to the PSA report, the U.S. Probation Office for the Western District of New York "opposes placing the defendant on a curfew based on the short period of employment and being dishonest/misrepresentation of privileges afforded to him. In addition, DC PSA does not recommend or initiate requests for lower levels of supervision for those individuals charged in United States District Court and moving to a curfew is considered a lower level of supervision." *Id.* at 3.

18.     Further, the PSA report included an attachment with the text message from USPO Emerson providing the Defendant with permission to go shopping for work clothes on April 24, 2022 at 6:39 p.m. (ECF No. 128, Supplement). The Defendant's Motion falsely stated that the Defendant's request to go to the store to buy work clothes was denied (ECF No. 127 at 2-3).

## ARGUMENT

19.     The Court may amend a release order "at any time . . . to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3). Modifications are generally grounded in new information or a change in circumstances that would merit such a modification. *See e.g., United States v. Hebron*, No. CRIM.A. 97-178 (TAF), 1997 WL 280568, at *1 (D.D.C. May 22, 1997); *accord United States v. Bikundi*, 73 F. Supp. 3d 51, 54 (D.D.C. 2014) (citing 18 U.S.C. § 3142(f)(2)(B)). The Court may "amend the order setting [the defendant's] conditions of release, but the Court must ensure that the conditions imposed are the least restrictive conditions that will reasonably assure his appearance as required and the safety of any other person and the community." *United States v. Mullins*, No. 21-cr-35-EGS-4, Minute Order dated July 8, 2021, at ¶ 3 (citing 18 U.S.C. § 3142(c)(1)(B), (c)(3)).

20.     The government opposes the Defendant's request to "modify his release conditions from home confinement to an 8:00 a.m. to 8 p.m. curfew, seven days a week." Defendant's Motion, ECF No. 127 at 1.

21.     The Defendant argues that decreasing his restrictions from home detention to a curfew would not create a danger to the community because in the nearly seven months of his release on home detention, "he has not once violated a single condition of release." Defendant's Motion, ECF No. 127 at 4.

22.     The Government appreciates that the Defendant has thus far been compliant with his conditions of release.   However, the Defendant's compliance is expected. *See United States v. Mullins*, No. 21-cr-35-EGS-4, Minute Order dated July 8, 2021, at ¶ 3. Although any failure to comply could result in revocation and being placed in no-bond status, it does not necessarily follow that compliance should result in further reduction of the Defendant's conditions of release. Rather, apparent compliance is some evidence that the Defendant's existing conditions are currently working to ensure community safety. Indeed, "compliance—even model compliance—with the Court's requirements is not enough to warrant adjustment of . . . pretrial release conditions. Only if there has been a development . . . that would affect the Court's assessment of the 'least restrictive' conditions of release that 'will reasonably assure . . . the safety of any other person and the community,' could she be entitled to the adjustment that she requests." *United States v. Henry*, 314 F. Supp. 3d 130, 133 (D.D.C. 2018) (quoting 18 U.S.C. § 3142(c)); *see also United States v. Mullins*, No. 21-cr-35-EGS-4, Minute Order dated July 8, 2021.

23.     There has been no change in the Defendant's circumstances that decreases the danger he presents to the community. The only change in circumstance that the Defendant identifies is that he has begun employment and would like more freedom to go shopping, pick up

a coffee, and run errands. Defendant's Motion, ECF No. 127 at 3. The Defendant also identifies other activities he would like the freedom to enjoy that are unrelated to his employment, such as helping an elderly friend with renovations on the weekend or going for a jog. *Id*. But the Defendant's desire for more freedom is not a sufficient basis for the Court to grant it.

24.     Based on the severity of the Defendant's actions on January 6, 2021, the government remains concerned about the safety of the community and incorporates by reference its prior arguments regarding the safety of the community outlined in the Government's Memorandum in Support of Pretrial Detention (ECF No. 8), the Government's Opposition to Defendant's Motion to Reopen Detention Hearing (ECF No. 68), and the Government's Opposition to Defendant's Motion to Reopen Detention Hearing (ECF No. 87). The Defendant has demonstrated a willingness to use violence to impede and obstruct the right and lawful function of government. Furthermore, during the course of law enforcement's investigation into his activities, the Defendant repeatedly lied to the FBI about his actions, changing his story multiple times when confronted with his deceptions. Concerningly, the Defendant's Motion contained a false statement regarding whether PSA provided permission for the Defendant to go shopping for work clothes. *See infra* p. 5, ¶ 17-18. The current conditions of release continue to balance allowing the Defendant to remain in the community, while protecting the safety of the community.

25.     The government submits that allowing the Defendant to be removed from home detention to the requested curfew does not reasonably assure the safety of the community. Given all of the circumstances, there is no compelling reason to step the Defendant down from home detention to a curfew. The motion should thus be denied.

## CONCLUSION

26.     For the reasons outlined above, the government respectfully requests that this Court

deny the Defendant's motion to be stepped down from home detention to a curfew.

Respectfully submitted,

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

*/s/ Cara A. Gardner*
Cara A. Gardner
D.C. Bar No. 1003793
Kimberly Paschall
D.C. Bar No.1015665
Assistant United States Attorneys
601 D St., N.W.
Washington, D.C. 20001
Kimberly.Paschall@usdoj.gov
Cara.Gardner@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 27, 2022, I served a copy of this pleading on Defendant's counsel through the Court's electronic filing system.

*/s/ Cara A. Gardner*
Cara A. Gardner
Assistant United States Attorney

Date: May 27, 2022