UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| v. | )<br>) |
| THOMAS F. SIBICK, | ) Crim. Action No. 21-0291-1 (ABJ)<br>)<br>) |
| Defendant. | )<br>) |

**ORDER**

On February 27, 2025, the Court of Appeals entered an order in this case stating:

> Upon consideration of the unopposed motion to vacate convictions and remand for dismissal, it is
>
> ORDERED that the judgment of the district court be vacated and the case be remanded with instructions to dismiss the case as moot.

Order [Dkt. # 229-1]; *United States v. Sibick*, No. 23-3127, 2025 WL 655335, at *1 (D.C. Cir. Feb. 27, 2025) (unpublished per curiam order).

In accordance with these instructions, the Court will dismiss this case as moot.

In the interest of completeness, in fairness to the victim of this brutal offense, and in furtherance of the truth, the Court also states the following.

On March 3, 2023, defendant Thomas F. Sibick pled guilty to three of the crimes with which he had been charged in the superseding indictment in this case. He was represented by a highly experienced criminal defense attorney. When Sibick entered his plea, he swore that the Statement of Offense the parties had jointly submitted to the Court was truthful, including the paragraph in which he admitted that "[w]hile the mob was attacking Officer Fanone," he "forcibly remov[ed] the officer's badge and radio" from Fanone's tactical vest and that he knew at the time of the assault "that the officer was engaged in the performance of official duties as an officer from the Metropolitan Police Department who was assisting the United States Capitol Police."

1

Statement of Offense [Dkt. # 191] ¶¶ 12–13.  Thus, there was no trial and no jury involved in the finding that he was guilty.

The Statement of Offense concluded with the signed acknowledgement that "I, Thomas Sibick, have read this Statement of the Offense and have discussed it with my attorney.  I fully understand this Statement of the Offense.  I agree and acknowledge by my signature that this Statement of the Offense is true and accurate.  I do this voluntarily and of my own free will.  No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of the Offense fully." *Id.* at 9.

At sentencing, Sibick did not back away from his admission.  The defense included a letter written by Sibick as part of the sentencing materials submitted to the Court, in which the defendant, among other things, sought to express his remorse and "most importantly the forgiveness [he] ask[ed] of Officer Michael Fanone and this court for [his] wrongdoing."  *See* Ex. 2 to Def.'s Sentencing Mem. [Dkt. # 209-2].

On August 3, 2023, the defendant was sentenced to a period of imprisonment of 50 months and a term of supervised release of 36 months.  Judgment [Dkt. # 214].

All of this is as much a part of the record of the proceedings in this case as the Order of the Court of Appeals occasioned by the Presidential pardon.  In accordance with that Order, this case is hereby **DISMISSED AS MOOT.**

But Michael Fanone's heroism will never be moot.  And no proclamation or order vacating a conviction can erase the truth:  that all of the individuals charged with attacking him on January 6 came into court and voluntarily swore that they were guilty, and justice was served.

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE:  April 9, 2025